IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   3:07cr59/MCR
                 3:10cv144/MCR/EMT

ERIC DALE ROBINSON

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion and an "amended motion"[1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docs. 120, 133). The Government has filed a response to both the motion and the "amended motion" (docs. 124, 134), and Defendant has filed a reply (doc. 136). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b),

## BACKGROUND

Defendant was charged in a two-count indictment with possession of a firearm by a convicted felon (count 1) and possession of a firearm with a serial number that had been removed

---

[1] Pursuant to the Local Rules, an amended pleading or motion shall be filed in its entirety with all of the amendments incorporated therein, and matters not set forth in the amended pleading will be deemed to have been abandoned. N. D. Fla. Loc. R. 15.1. However, because Defendant was not warned of this before he filed his amended motion (*see* doc. 130), the court will consider both the motion and the "amended motion" (*see* doc. 140), which affects only one of the six grounds for relief raised.

or obliterated (count 2) (doc. 1). The charges stemmed from law enforcement's search of a storage unit rented to Defendant in Pensacola, Florida, which led to the discovery of a Taurus 9mm pistol, ammunition, and items that were or appeared to be related to drug trafficking activities (Presentence Investigation Report ("PSR") at ¶ 18).

Defendant was initially represented by appointed counsel Donald M. Sheehan (*see* doc. 11). The court commenced a change of plea hearing on May 29, 2007 (*see* docs. 14, 111). When, near the conclusion of the plea colloquy, Defendant was asked about his satisfaction with counsel, he spoke up and indicated that he had expected counsel to file a motion to suppress (doc. 111 at 28). After hearing from counsel, the court suggested that a continuance for counsel to file a motion to suppress would be a better course of action than a post-conviction motion, and it halted the proceedings and granted the defense's motion for a continuance (*id.* at 33–34).

On June 14, 2007, Defendant filed a motion to suppress all evidence seized from the storage unit (doc. 18). The court denied the motion after a response by the Government and a hearing (docs. 19, 22). Attorney Sheehan then filed a sealed motion to withdraw due to a conflict with Defendant (doc. 23). The court held a hearing and denied the motion, although it afforded Defendant the option of retaining substitute counsel (*see* docs. 27–29). Edward Brian Lang filed a notice of appearance soon thereafter (doc. 30), and the court granted Mr. Sheehan's second motion to withdraw (docs. 31, 32). Defendant's first trial, conducted on October 22, 2007, ended in a mistrial (doc. 58). After his second trial, held on December 19, 2007, the jury returned a verdict of guilty on count 1 and not guilty on count 2 (docs. 72–74).

The PSR calculated Defendant's base offense level at 20 pursuant to § 2K2.1 (PSR ¶ 32). He received multiple adjustments. First, he received a four-level adjustment pursuant to § 2K2.1(b)(4)(B), which applies if any firearm had an altered or obliterated serial number (*id.* at ¶ 33). Next, he received another four-level adjustment pursuant to § 2K2.1(b)(6) because he possessed a firearm in connection with another felony offense, in this instance possession of cocaine (*id.* at ¶ 34). Finally, Defendant received a two-level adjustment for obstruction of justice pursuant to § 3C1.1, due to his false testimony during his two trials and his attempt to procure other false testimony for trial (*id.* at ¶¶ 25–29, 37). His total offense level was 30 (*id.* at ¶ 42). With five criminal history points, Defendant's criminal history category was III (*id.* at ¶ 53). The applicable

guidelines range, 121 to 151 months. became 120 months due to the statutory maximum set forth in 18 U.S.C. § 924(a)(2).

Defendant filed written objections to two of the sentencing adjustments applied in the PSR (doc. 84 (objecting to the four-level adjustment for possession of a firearm in connection with another felony offense and the two-level adjustment for obstruction of justice)), although he declined to pursue the objection to the obstruction adjustment at sentencing (doc. 101 at 2, 15). Defendant was sentenced to a term of 120-months imprisonment, and he immediately appealed (*id*. at 16, 19).

Appointed appellate counsel Chet Kaufman filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and moved to withdraw (*see* doc. 119 at 2–3). The Eleventh Circuit found that counsel's assessment of the relative merit of the appeal was correct, granted counsel's motion to withdraw, and affirmed Defendant's conviction and sentence (*id*. at 3).

In the present motion, Defendant raises six grounds for relief. He contends that attorney Brian Lang was constitutionally ineffective when Lang failed to object to each of the three guidelines adjustments (doc. 120 at 8, 15, 17), failed to file "his own motion to suppress," instead relying on the motion prepared by Lawyer Sheehan (*id.* at 12), failed to show Defendant the discovery before the second trial (*id.* at 13), and failed to make Defendant aware that he was entitled to challenge the voluntariness of a statement made in a pretrial hearing outside the presence of the jury (*id.* at 16). In his amended motion, Defendant asserts that he is "actually innocent" of the § 2K2.1(b)(4)(B) adjustment (that is, the adjustment for the altered or obliterated serial number). The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 F. App'x 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); Mills v. United States, 36 F.3d at 1055 (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); United States v. Frady, 456 U.S. 152, 165 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.,* 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007). "Strickland's two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990) (citing Hill v. Lockhart, 474 U.S. 52 (1985)); United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)). When examining the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Ross, 147 F. App'x 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480

F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Defendant's Specific Claims for Relief

A review of Defendant's motion reveals that Defendant has failed to provide any meaningful argument in support of any of his claims for relief. Bare conclusory allegations, particularly those that are contradicted by the record, are insufficient to warrant relief. Nonetheless, the court will review each of Defendant's claims individually.

Claim One: Failure to object to § 2k2.1(b)(4) Adjustment

In his first ground for relief, Defendant contends that counsel failed to make him aware that he was being enhanced for the obliterated serial number on the firearm (doc. 120 at 8). He further claims that the adjustment was not mentioned at sentencing, and that because he was found not guilty of count 2 of the indictment, application of this adjustment was improper.

Defendant is correct that this adjustment was not mentioned at sentencing. However, this does not provide a basis for relief. If there was no objection, there was no reason for the adjustment to have been mentioned. Defendant's claim that counsel did not advise him of the application of the adjustment is arguably contradicted by the record. At sentencing, counsel assured the court that he had reviewed the PSR with his client, a statement to which Defendant did not object (doc. 101 at 2). The adjustment was identified in the PSR and therefore was presumably part of the discussion between counsel and his client.[2]

To the extent Defendant's argument can be liberally construed as an assertion that counsel was constitutionally ineffective because he failed to object to the adjustment after Defendant's acquittal on count 2, it is not well-taken. The fact that Defendant was acquitted on a criminal charge of possession of a firearm with an obliterated serial number does not render improper the application of the adjustment, because a different standard of proof is required for a criminal conviction, which must be proven beyond a reasonable doubt, than for the application of a guidelines adjustment. "Relevant conduct of which a defendant was acquitted nonetheless may bet taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Faust, 456 F.3d 1342 (11th Cir. 2006) (quoting United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997)). And, for this particular offense, a criminal conviction requires proof of scienter (*see* doc. 75 at 9, 11), while the application of the guidelines adjustment in question does not. *See* U.S.S.G. § 2K2.1(b)(4) comment (N.8(B)). Because there was evidence at trial that the serial number had been removed from the firearm found in Defendant's storage unit (doc. 108 at 111–12, 115), application of the adjustment was proper. Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not

---

[2]Counsel does not address this ground for relief in his affidavit.

ineffective for failing to make meritless motion for change of venue). Therefore, Defendant has failed to show that counsel was constitutionally ineffective, and he has similarly failed to establish that he was "actually innocent" of this adjustment, as argued in his "amended motion." He is not entitled to relief under either theory.

### Claim Two: Failure to file a Motion to Suppress

Defendant claims that Attorney Lang's performance was constitutionally deficient because he failed to file a "his own" motion to suppress, instead relying on the motion filed by previous counsel. As noted above, the motion to suppress filed by Mr. Sheehan challenging the search of Defendant's storage unit was denied after a hearing (*see* docs. 18, 19, 22). Defendant has offered no indication as to what arguments he wanted Mr. Lang to make in a second such motion that might have led to a different outcome in this case. Therefore, his conclusory allegations fail to meet his burden under Strickland, and he is not entitled to relief.

### Ground Three: Failure to Share New Discovery Evidence

Defendant contends that Mr. Lang was constitutionally ineffective because he failed to show Defendant the discovery for the second trial. Defendant asserts that new evidence was submitted at the second trial (doc. 120 at 13), but he neither identifies this new evidence nor explains how his examination of it could have led to a different result. Therefore, even if there was some "new evidence" used against him in the second trial, which counsel does not admit (*see* doc. 124, Att. A at 2), Defendant has again failed to meet his burden under Strickland of showing both deficient performance and prejudice.

### Ground Four: Failure to Defeat Application of § 2K2.1(b)(6) Adjustment

Defendant contends that his sentence should not have been increased pursuant to § 2K2.1(b)(6)(B), which provides for the application of a four-level adjustment if a defendant "used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). He faults counsel for failing to obtain lab results or any scientific testing done on the items used to support the § 2K2.1(b)(6) adjustment or to explain that the marijuana recovered either from the storage unit or from Defendant's person was for Defendant's personal use, rather than for sale (doc. 120 at 15).

Defendant's position is misguided. The PSR reflects that Defendant, who is a documented drug trafficker in Escambia and Santa Rosa Counties, was charged with felony Possession of Cocaine in Escambia County, Florida (DKT #07-CF-513) in connection with the instant offense (PSR ¶ 34). The marijuana that was seized was not considered by the probation officer in assessing the enhancement. The fact that the state case was nolle prossed (*see* PSR ¶ 55) is immaterial. The PSR specifically notes that § 2K2.1 Application Note 14(C) defines "felony offense" as "any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought or conviction obtained." U.S.S.G. § 2K2.1, comment (n.14(C)).[3]

Counsel filed a written objection to this adjustment based on the dismissal of the state felony cocaine charge, the absence of drugs in the storage unit where the gun was found, and the Government's attempt to provide the existence of drugs through the opinion testimony of law enforcement officers rather than laboratory reports (doc. 84). At sentencing, counsel again argued that the adjustment was unsupported because there was no other felony offense and no laboratory evidence that any drugs, other than possibly a minimal quantity of marijuana, were found at the storage unit to corroborate the officers' opinions about what they found (doc. 101 at 3). The Government drew the court's attention to trial testimony that Defendant was involved in drug dealing and to Defendant's own post-arrest statements to this effect (*id.* at 6–8), and argued that controlling case law supported the adjustment. *See* United States v. Purifoy, 264 F. App'x 773 (11th Cir. 2008). The court found that the evidence that the firearm was found in the storage unit in close proximity to the drug paraphernalia outlined in paragraph 18 of the PSR was sufficient to support the adjustment, even without the trial testimony and Defendant's own statements to law enforcement (doc. 101 at 11–12). Under these facts, the presence or absence of laboratory results was immaterial, as there was abundant evidence to support the application of the adjustment. Defendant has therefore not shown that counsel was constitutionally ineffective under Strickland.

Ground Five: Failure to Advise Regarding Challenge to a Statement in a Pre-trial Hearing

---

[3]The PSR contains an apparent scrivener's error in that it refers to Application Note 7 instead of 14 (PSR ¶ 34). The definition referenced above appears in Application Note 14(C) in both the 2007 version and the current version of the guidelines manual.

Defendant contends that defense counsel Lang failed to make him aware that he was "entitled to challenge the voluntariness of a statement in a pretrial hearing outside the presence of the jury" (doc. 120 at 16). Defendant does not specifically identify the statement in question or the basis for a challenge, but he apparently refers to conversations with law enforcement that occurred on January 26, 2007 (*see* PSR ¶ 20). After his arrest, Defendant agreed to answer questions (*id.*). He initially denied involvement in cocaine trafficking, but when confronted with the statements of co-conspirators admitted his involvement, albeit attempting to minimize his trafficking role (*id*.). Defendant also admitted that he had purchased the firearm that was recovered from his storage unit two years earlier, for protection (*id*. at ¶ 21). After he was transported to the Escambia County Jail, he requested to speak again with law enforcement, at which point he expressed a willingness to cooperate with law enforcement and offered to set up multi-ounce cocaine purchases (*id*. at 22).

Counsel states in his affidavit that he conferred with Defendant at length prior to trial about Defendant's statements to law enforcement because Defendant insisted on testifying in his own behalf (doc. 124, att. A, ¶ 5). The Government argues that "the voluntariness of Defendant's statement was established at Defendant's first trial through the testimony of three law enforcement officers who testified that the defendant was advised of his Miranda rights prior to being questioned" and by a form he signed indicating that he had been advised of those rights (doc. 124 at 13–14).[4]

Even if counsel failed to advise Defendant that he could have challenged the voluntariness of these prior statements, Defendant has not shown that had he been so advised that he would have had a valid legal basis for doing so, or that such a challenge would have ultimately been successful. Furthermore, even without these statements, there was sufficient evidence obtained during law enforcement's nearly six months of surveillance of him (*see* PSR ¶¶ 11–19) for the jury to conclude that he constructively possessed the firearm found in his storage unit. He has not shown that counsel's performance was either deficient or prejudicial in this regard.

Ground Six: Failure to Object to Obstruction of Justice Adjustment

[4]The Government's record citation to document 63 appears incorrect. Defendant's first trial which resulted in a hung jury was not transcribed in its entirety. Document 63 contains only certain portions of the testimony from the first trial, including Defendant's own testimony in which he admits having signed a form indicating that he had been advised of his rights (doc. 63 at 18–19).

Defendant asserts that counsel failed to object to the two-level adjustment for obstruction of justice. In support of this ground for relief he states merely "there was no false testimony when the Defendant took the stand" (doc. 120 at 17).

Section 3C1.1 provides that a two-level increase is warranted if a defendant obstructs or impedes the administration of justice with respect to the investigation, prosecution or sentencing of the offense of conviction or attempts to do so. U.S.S.G. § 3C1.1. An entire page of the PSR was dedicated to Defendant's obstructive conduct which included providing materially false testimony under oath at trial, telephoning a woman and asking her to solicit false testimony from another individual, and failing to be completely truthful with the Government (PSR ¶¶ 26–29). Counsel initially filed, but later withdrew an objection to this adjustment (doc. 84, doc. 101 at 2, 15). Defendant's bald assertion that there was no false testimony when he took the stand, although he stated that essentially "everything the government and law enforcement officials said were lies" (*see* PSR ¶ 27), borders on spurious. He has not shown that counsel was constitutionally ineffective for his decision to abandon this objection.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence and the amended motion (docs. 120, 133) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**